Platt J.,
delivered the opinion of the court. The general rule on this subject is, that if several persons jointly commit a v *431 tort, the plaintiff has his election to sue all, or any of them, because a tort is, in its nature, a separate act of each individual, and, therefore, in actions, in form ex delicto, such as trespass, trover, or case for malfeasance, against one only, for a tort committed by several, he cannot plead the nonjoinder of the others, in abatement or in bar. (1 Chitty's Plead. 75.) There is a. distinction, however, in some cases between mere personal actions of tort, and such as concern real property. (1 Chitty Plead. 76.) In the case of Mitchell v. Tarbutt, (5 Term. Rep. 65.,) Lord Kenyon recognises this distinction, and says, “ where there is any dispute about the title to land, all the parties must be brought before the court.” A case in the year books (7 Hen. IV. 8.) shows that a plea in abatement may be well pleaded for this cause, to an action on the case, for a tort. An action of trespass on the case was brought against the Abbot of Stratford, and the plaintiff counted that the defendant held certain land, by reason whereof he ought to repair a wall on the bank of the Thames ; that the plaintiff had lands adjoining, and that for default of repairing the wall, his meadows were drowned. To which Skrene said, “ it may be that the abbot had nothing in the land, by cause whereof he should be charged, but jointly with others, in which case the one cannot answer without the other.”
But inactions for torts relating to lands of the defendants, there seems to be ground for this further distinction, viz. between nuisances arising from acts of malfeasance, and those which arise from mere omission, or nonfeasance. The case of the abbot of Stratford was that of a nuisance, arising from neglect of duty in not repairing a wall, which was by law enjoined on the proprietor or proprietors of the land on which the wall stood. The gist of the action, therefore, was, that the defendant was such proprietor, and had neglected a duty incident to his title. The title to the land, on which the nuisance existed, was, therefore, directly in .question; for if the abbot was not the owner of the land, he was not chargeable with neglect, nor liable for the nuisance. But in this case, the action is for a nuisance arising from an act of misfeasance, the “ keeping up a mill-dam on a stream below the plaintiff’s land.” Here needs no averment that the defendant owned the land on which the dam was kept up. The title to that land cannot come in question in this suit, for the maintaining such a dam is equally a nujsance, and, the defendants are equally liable for damages, *432 whether the defendants own the land as joint tenants with others, or whether they are sole proprietors, or whether they have any right whatever in it.” “ Keeping up” the dam implies a positive act of the defendants : it is a malfeasance, and therefore, the plaintiffhas a right of action against all or any of the parties who keep up that dam. Unless the title comes in question, there is no difference, in this respect, in cases arising ex delicto, between actions merely personal, and those which concern the realty. The plaintiff, in such an action, is always-hound to join his co-tenants, because his title must come in question as the foundation of his claim ; but he may sue any ór all who have done the tortious act. The justice, therefore, erred in deciding.against the demurrer to the plea in abatement, • and the judgment must be reversed.
Judgment reversed.