PACK *against* THE MAYOR, ALDERMEN, &c., of the CITY OF NEW YORK.

A city corporation is not liable for injuries to third persons, occasioned by the negligence of workmen engaged in grading a street, uuder the direction of a person who has entered into a contract with the corporation to perform the work in conformity to a plan referred to in the contract, for a specified sum to be paid by the corporation.

A recovery for such injury can be had, only against the person actually guilty of the wrongful act, or against one to whom he stands in the relation of servant or agent. The contractor in such case is not the servant or agent of the corporation.

A clause in the contract by which the contractor engages to conform the work to such further directions as may be given by the corporation or its officers, does not change the relation of the parties in this respect. It gives to the corporation power to direct as to the *results* of the work; but without control over the contractor or his workmen, as to the *manner* of performing it; which control alone furnishes a ground for holding the master or principal liable for the act of the servant or agent.

THE defendants appealed from a judgment against them rendered by the court of common pleas of the city and county of New York, in an action on the case, for damages sustained by the plaintiff through the alleged negligence and carelessness of workmen engaged in grading one of the streets of that city; the carelessness and negligence being charged in the declaration, as the acts of the defendants, their servants and agents. The facts are sufficiently stated in the opinions which follow. The cause was submitted to this court on printed briefs.

*H. E. Davies*, for the appellants, insisted, that this case could not be distinguished from that of *Blake* v. *Ferris*, (1 *Selden*, 48;) and in addition to the cases referred to and commented upon by the court in that case, he cited, *Knight* v. *Fox*, (1 *Eng. Law and Eq. R.* 477, and 480, *note* 1,) *S. C.*, (5 *Welsb. Hurlst. and Gordon*, 721,) and *Overton* v. *Freeman*, (8 *Eng. Law and Eq. R.* 479.)

*C. Nagle*, for the respondent, insisted, that the case was

distinguishable from that of *Blake* v. *Ferris*. That in the latter case it appeared that the defendants had parted with all control over the work, but in this, the defendants retained their entire power over it, and could at any time have directed as to the manner of its performance. That the contractor did the work for them, and under their direction, and not for himself.

He also insisted that the appellants were under no obligation to grade the street. That it was their own voluntary act, and having elected to do it, they were bound to see that it was done in a skillful and careful manner. The following cases were referred to. *Rochester White Lead Co.* v. *The City of Rochester*, (3 Comst. 463,) *Bailey* v. *The Mayor &c., of New York*, (3 Hill, 531,) S. C. In *Error*, (2 Denio, 433,) *Rhodes* v. *The City of Cleveland*, (10 Ohio R. 159,) *McComb* v. *The City of Akron*, (15 ib. 475,) *Delmonico* v. *The Mayor &c.*, (1 Sandf. S. C. Rep. 222,) 2 Kent's Com. 284, *The Rector &c.* v. *Buckhart*, (3 Hill, 193,) *Mayor of Lynn* v. *Turner*, (Cooper 86,) *Bush* v. *Steinman*, (1 Bos. & Pull. 404,) *Fletcher* v. *Braddick*, (5 Bos. & Pull. 182,) *Bussy* v. *Donaldson*, (4 Dall. 206,) *Fenton* v. *Dublin Steam Packet Co.*, (8 Adolph. & Ellis, 835,) *Randleson* v. *Murray*, (ib. 109,) *Martin* v. *Temperley*, (4 Adolph. & Ellis, N. S., 298,) *Witte* v. *Hague*, (2 Dow. & Ry. 83.) The counsel also insisted, that the principle recognized in *Bush* v. *Steinman*, had been followed in England, and adopted in this and other states, and notwithstanding what was said in the case of *Blake* v. *Ferris*, might still be regarded as sound law; and he referred to the opinions of Lord Ellenborough, in *Sly* v. *Edgley*, (6 Esp. Rep. 6,) of Chancellor Walworth, and Senator Hand, in *The Mayor &c.* v. *Bailey*, (2 Denio, 443, 450,) and of Wilde, J., in *Lowell* v. *Boston and Lowell R. R. Co.*, (23 Pick. 31.)

JEWETT, J. This was an action on the case to recover damages sustained by the plaintiff for injuries resulting to

him in consequence of the carelessness, negligence and unskillfulness of the defendant, its servants and agents in leveling and regulating Bloomingdale road in the city of New York. " Not guilty," was pleaded. The evidence established that the plaintiff, in August, 1847, was and had been for eighteen months or more previously, in the possession, with his family, of a dwelling house on the corner of Fortieth street and Broadway, in New York: that on the 12th day of December, 1846, James Foster, a contractor, made an agreement in writing with the defendants, through their street commissioner, to furnish all the materials and regulate said road between 23d and 42d streets, in conformity with a certain specification mentioned and described in the contract; and further, to conform the work to such further directions as should be given by the street commissioner and one of the city surveyors, for a certain consideration specified, and to complete the same on or before the first day of August, 1847.

It was proved that on the 19th day of August, 1847, the plaintiff, with his wife, three children or more and some boarders, occupied the upper part of the house: that the room next to Broadway was occupied as a sitting room: that Foster, the contractor, had made a contract with one Riley to do all the blasting of rocks on the job; and that Riley on that day bored a rock with four holes for blasting, on the job, opposite to and within thirty-two feet and eight inches of the plaintiff's house, and charged them with gunpowder. The charge was fired, by means of which several rocks of great weight and a large quantity of stones were thrown into the second story of the plaintiff's house, causing considerable damage to the property of the plaintiff, and personal injury to his wife, and the death of one of his children. Evidence was given tending to show that the blast from which the injuries resulted was negligently conducted, and that Foster was there that day, and had been frequently there before, superintending the work, and had been requested by one of the witnesses to be careful.

When the evidence was closed on the part of the plaintiff, the counsel for the defendants moved for a nonsuit, which was denied, and an exception taken. The court charged the jury that if they believed that the *contractor* employed by the defendant to do the work had been guilty of negligence in blasting, and that the injury to the plaintiff was caused by such negligence, the plaintiff was entitled to recover compensation for certain injuries specified by the court.

The counsel for the defendant excepted to that part of the charge which held that the defendant was liable for the negligence of Foster, the contractor, or of the persons employed by him. This exception raises the only question for our determination; and in my opinion the exception was well taken. In *Blake* v. *Ferris*, (1 *Selden*, 48,) it was held that the liability of any one, other than the party actually guilty of any wrongful act, proceeds on the maxim, "*Qui facit per alium facit per se.*" The party employing has the selection of the party employed, and it is reasonable that he who has made choice of an unskillful or careless person to execute his orders, should be responsible for an injury resulting from the want of skill or want of care of the person employed; but neither the principle of the rule, nor the rule itself, can apply to a case where the party sought to be charged does not stand in the relation of master or principal to the party by whose negligent act the injury has been occasioned.

If the injured party attempts to recover for his loss against any one other than him who is actually guilty of the wrongful act, it can only be on the ground that the relation of principal and agent, or master and servant existed between the party sued and the party doing the act. The contract made between the defendants and Foster to do the job of work in question, according to the doctrine of the case of *Blake* v. *Ferris,* and the cases which that is supposed to have followed, does not constitute the *contractor*, the agent or servant of the defendants, the employ-

SEL. IV.—29.

ers. In the case of *Rapson* v. *Cubitt*, (9 *Meeson & Welsby*. 710,) the defendant, Cubitt, was a builder, and had contracted with the committee of the Clarence Club to make certain alterations, &c., in the club house, and amongst the rest to prepare and fit the necessary gas fittings. The defendant made a sub contract with Bland, a gas fitter, to execute that part of the work, and it was performed by Bland. In the course of the work, through his negligence the gas exploded and injured the plaintiff, a third person, who brought the action against Cubitt to recover for the injury on the ground that Bland was his servant. But the court were agreed that Bland did not stand in the relation of servant to Cubitt, but was a subcontractor with him, and to him the plaintiff must look for redress. The doctrine is, that a person who undertakes the erection of a building, or other work for his own benefit, is not responsible for injuries to third persons occasioned by the negligence of a person, or his servant, who is actually engaged in executing the whole work, under an independent employment or a general contract for that purpose. Foster was such a contractor, actually engaged in performing his contract for the entire job, for whose negligence, or that of his servants, the defendants are not liable.

The judgment must be reversed and a new trial granted, costs to abide the event.

MASON, J., This case is not distinguishable in principle from the case of *Blake* v. *Ferris*, (1 *Selden*, 48.) It was held in that case, that the defendants, who had a license, or grant from this corporation, to construct at their own expense a sewer in a public street, and who had engaged another person by contract to construct it at a stipulated price for the whole work, were not liable to third persons for any injury resulting from the negligent manner in which the sewer was left at night by the workmen engaged in its construction. The doctrine declared in that case is, that the immediate employer of the agent

or servant through whose negligence an injury occurs, is alone responsible for the negligence of such agent or servant. That the principle *respondeat superior* applies to him alone. That there can not be two superiors severally responsible in such a case. In the case under consideration, the defendants contracted with one Foster at a stipulated price to excavate, and grade, Bloomingdale Road between Twenty-third and Forty-second streets, and gravel the same, &c.; and Foster contracted with one Riley, to do all the blasting required for the work, and through the negligence of Riley in setting a blast, rocks and stones were thrown into the plaintiff's dwelling, and the injuries complained of were caused thereby. The case therefore falls clearly within the principles of *Blake* v. *Ferris.* The court below have undertaken to distinguish it from *Blake* v. *Ferris,* because of a clause inserted in the contract with Foster, by which Foster agreed to conform the work to such further directions, as should be given by the street commissioner, and one of the city surveyors. This clause in the contract does not in any manner affect the case. It does not constitute Foster any more the immediate agent or servant of the defendants than if this provision were not inserted in his contract.

It is nothing more than a stipulation for a change of the specification of the work as stated in the contract at fixed prices provided therein.

It does not, as the court below held, make Riley the immediate servant of the defendants or give to them any control over him as to the manner or otherwise in which he should conduct the blasting. The defendants may change the grade by new specifications from that provided in the contract, and the duty is then imposed upon Foster to make his grade accordingly; but as to the manner in which he shall proceed in his blasting to make the grade, or do the work, he is as perfectly independent of the defendants, as a man ever was while engaged in doing his own work. They could not control Green in any respect, if he should pro-

ceed in a negligent manner to conduct this blasting. They could neither dismiss him nor control.him in his work. The court below erred in giving such effect to this provision of the contract, and their judgment should be reversed and a new trial granted.

JOHNSON, J., dissented, and TAGGART, J., gave no opinion. The residue of the court concurred in the foregoing opinions

Judgment reversed.