Ingraham, J.
There was not sufficient evidence of neg ligence on the part of the plaintiff to warrant the court to take the case from the jury. It did not appear that she had any reason to suppose the boards placed for people to walk over were not sufficient. On the contrary, she saw others passing, and, as if was usual to make such bridges to pass over excavations in the side-walks, she had no reason to suppose there was any difference in the present case. It is only where the negligence is clearly proved, that the court is warranted in dismissing the complaint. The defendant was one of a firm who had the contract for erecting the buildings. Both of the parties were alike guilty of negligence, and both might have been sued for such negligence, but each of them was equally liable, if any liability existed; and there is no rule which makes both parties necessary parties to an action of this character. There was a separate liability as well as a joint one, and *593 the plaintiff might, at his election, sue both or either of them. (14 John. 426.)
The principal question in the case is, whether the defendant was liable for the negligence of Brady, who had the contract to do the work and who made the excavations.
The cases of Blake v. Ferris (5 N. Y. 48) and Pack v. The Mayor, &c. (8 N. Y. 222) decided that the principal was not liable for accidents to third persons, occasioned by negligence'bf the workmen, when the work had been contracted for to a third person to do the work at a stipulated price. The contractor in such case is not the agent of the employers, and they are not responsible for the contractor’s négligence. The principle upon which these cases rest is, that the employer has no control over the men and ser-' vants employed by the contractor, and is not responsible for their negligence.
In Storrs v. The City of Utica (17 N. Y. 107), the case of Blake v. Ferris was reviewed, and Comstock, J., expressed his doubts about the propriety of that decision, and draws a distinction between one who directs a ditch fco be dug in a highway, although he does the work by a contractor, and one who directs rocks to be blasted in a highway, and does that work under contract. I Confess tehat I have difficulty in understanding how the employer iff the one case is liable and not in the other. The digging of a ditch and the blasting of rocks, in a public highway, are both acts equally dangerous to the traveler, and equally call for care against accidents. The one renders the street unsafe for night travel, and the other during the day. That case seems (o have been placed upon the decision of this court in the City of Buffalo v. Holloway (3 Seld. 493), where the court held the contractor was not liable to the city for negligence in leaving an opening in the street, because the contract did not require Mm to take precautionary measures against it. In Storrs v. The City of Utica, Comstock, J., says: “If the work .is done by contract, *594 then I admit that the contractor must respond to third parties, if his servants or laborers are negligent in the immediate execution of the work.” And again: “The employer may insert in that contract a clause that the contractor shall provide proper lights and guards, but I do not see how that can change the principle. But this (he says) has no tendency, in my judgment, to shield the ultimate superior or author of the work from responsibility.”
In Congreve v. Smith (18 N. Y. 79), the defendant was held responsible for work done in a public street, although it was shown that the work was done under a contract calling for the best materials, and that the work should be done in a good and workmanlike manner. Strong, J.. says: A person who makes or continues a covered exea vation in a public street or highway for a private purpose, should be responsible for all injuries to individuals resulting from the street or highway being less safe for use. * *- * * It is no answer to the action that the covering was done under the contractors who contracted to do the work properly, and that the defendants are not responsible for the negligence of the contractors’ servants. It was no part of the contract to cover the opening, and the defendant may have reserved to do that work himself. Neither does it appear, as in Blake v. Ferris, that the defendant had obtained permission toi do this work in the public street. This would distinguish it from the case of Blake v. Ferris, where a permission had been given to build the sewer in the street, by the corporation.
The judgment should be affirmed.
Selden, J.
The verdict of the jury, under the appropriate charge of the. court on the subject, is an answer to the position of the defendant’s counsel that the plaintiff was guilty of' negligence. If the question were an open one, however, it would be very difficult to find in the evi, dence anything to justify a different verdict,
*595 There is no well-grounded reason for questioning the defendant's liability in this case, under the rule laid down in the case of Congreve v. Smith (18 N. Y. 79), that “persons who, without special authority, make or continue a covered excavation in a public street or highway, for a private purpose, should be responsible for all injuries to individuals resulting from the street or highway being thereby less safe for its appropriate use, there being no negligence by the parties injured.” It cannot be material whether the excavation was a covered or an open one, where it was made without authority, and the party injured was free from fault.
The fact chiefly relied upon in the defendant’s behalf, that the injury resulted immediately from the negligence of a contractor, who was doing the work upon his own responsibility, and was bound by his contract with the defendant to guard, by proper precautions, against accidents, does not constitute a defense to the action, The excavation was made on the defendant’s account an.d at his request, in a public street, for a private purpose of the defendant, in which the public, had no interest, and, so far as the case discloses, without the consent of the corporate authorities. The act of making the excavation was wrongful, without reference to the manner in which it was made or secured. The defendant was, therefore, liable for the injury which the excavation produced to third persons, without fault on their part, whether the workmen were guilty of negligence or not. (Congreve v. Smith, supra; Dygert v. Schenck, 23 Wend. 446; Coupland v. Hardingham, 3 Campb. 398.) The basis of the defendant’s liability is his own wrongful act in procuring the excavation to be made without authority, and not the negligence of the contractor or his workmen in performing or guarding the work. In this respect there is a plain distinction between the present case and those of Blake v. Ferris (1 Seld. 48); Pack v. The Mayor, &c. (4 id. 222); and Kelly v. The *596 Mayor, &c. (1 Kern. 432). In each of those cases the work was authorized by the corporate authorities, and was therefore rightful, if carefully and skilfully executed; and it was held that the defendants, not having any control' over the manner in which it was done by the contractors, to whom its performance had been committed, was not responsible for their negligence or want of skill. If the work had been unauthorized, and was, therefore, in itself wrongful without referefice to the manner in which it was performed, the defendants would undoubtedly have been held liable.
I do not think we are called upon to decide whether the defendant would have been liable for the negligence of the contractor in guarding the work, if it had been done by license from the corporate authorities, upon the ground of the distinction taken in the case of Storrs v. The City of Utica (17 N. Y. 104), between negligence in the actual making of the excavation and negligence in providing safeguards against injury from its existence. In that case it was held that a municipal corporation was liable for the injury produced by a neglect to place proper lights and guards at night, about an excavation in a street made in the construction of a public sewer, although the work was done by a contractor upon his own responsibility. There was no provision in the contract in that case, requiring the contractor to guard against accidents, but Judge Comstock expresses the, opinion (the correctness of which cannot well be doubted) that such provision would not have relieved the corporation from liability; atid it may safely be assumed that an individual making an excavation in a street for his own benefit, with the consent of a municipal corporation, could not" claim an immunity which the corporation itself would not possess if it were doing the same work for the benefit of the public. It was upon this ground that the judgment was sustained at the general term in the superior court; and if it were necessary to decide the question, I *597 should be prepared to concur in that view. There is, however, no evidence in the case of any express license to the defendant to make the excavation, and although a license might doubtless be inferred from circumstances (City of Chicago v. Robbins, 2 Black, 418), no proof was offered of any circumstances from which such inference could be drawn. The work itself was therefore wrongful, and the right of action does not depend upon any negligence on the part of the contractor.
The ground upon which I have placed the liability of the defendant, furnishes an answer to the objection, that his partner (Eberspacher) should also have been made a defendant. The making of the excavation without license, was a tort on the- part of both the defendant and Eberspacher, and the liability for torts committed by more than one person is always several as well as joint. (Low v. Mumford, 14 John. 426.) I doubt whether the rule would be different if the liability of the defendant should be held to depend upon the negligence of the common' agent of him and his partner. (Champion v. Bostwick, 18 Wend. 185-6.) It is, however, a sufficient answer to the objection under consideration, that it was not taken in the answer. (Code of Procedure, §§ 144, 147, 148; 16 N. Y. 266.) The facts on which the objection is based are stated in the answer for the purpose of exonerating the defendant by throwing the sole responsibility upon Brady, the contractor; but there was no suggestion of any defect of parcíes. This was necessary, if the objection was sound in brinciple, to make it available, and possibly the further Allegation that Eberspacher was still living. (Cahill v. Vaughn, 1 Saund. 291; 3 Chitty’s Plead., Springfield ed., 1844, 900—note f.) The judgment of the superior court should be affirmed.
All the judges concurring, judgment affirmed.