## SUPREME COURT.

JONATHAN WOODRUFF, respondent, agt. CHARLES G. SCHNEIDER, appellant.

*Pleading — question of.*

The defendant S. was charged in the complaint with having induced the plaintiff by false and fraudulent representations to accept certain worthless notes, for which a valid bond and mortgage were surrendered and satisfied. The complaint also charged that defendant S. with defendants Doe and Roe combined and confederated together in the perpetration of the fraud:

*Held,* that an order striking out the allegation of conspiracy and the names of Doe and Roe from the action, being productive of neither harm nor embarrassment to defendant, the law will not permit him to effectually complain of it.

*First Department, General Term, August,* 1883.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from an order made during the trial at the circuit, striking out the allegations from the complaint alleging a conspiracy between the defendant and persons named John Doe and Richard Roe to defraud the plaintiff; and also striking their names from the action.

*J. P. Solomon,* for appellant.

*A. Edward Woodruff,* for respondent.

DANIELS, *J.*—The names stricken out of the title of the action had been inserted to represent persons whose names and individuality had not been discovered by the plaintiff. The charge was that those two persons, together with the appealing defendant, had combined and confederated together and by means of false and fraudulent representations induced the plaintiff to accept certain worthless notes, for which a valid bond and mortgage were surrendered and satisfied, Without the allegation connecting the two other persons with the transaction, the complaint contained a very full and complete statement of facts charging the present defendant with the perpetration of this fraud. And the action might very well have proceeded upon the issue taken by him in his answer to these allegations, without any reference whatever to those which were contained in the complaint, to bring in other parties to the action (*Code Civil Pro., sec.* 1204).

The case was not one where the plaintiff could be required under the issue to make out any liability exceeding that of the defendant Schneider alone. It was not a case where the allegations of the conspiracy were essential in any respect to

the right of the plaintiff to maintain the action (*Jones* agt.
*Baker*, 7 *Cowen*, 445 ; *Forsyth* agt. *Edmonson*, 11 *Hun*, 408 ;
*Verplanck* agt. *Van Buren*, 76 *N. Y.*, 247 ; *Love* agt. *Mum-
ford*, 14 *Johns.*, 426).

For the purpose of the action the order from which the
appeal has been taken was wholly unnecessary, and it was
productive of neither harm nor embarrassment to the defend-
ant.    There was no legal ground upon which he could com-
plain that it had been made.    And as it apparently was
entered to relieve the case of objections taken, and was fully
justified by the circumstances, if any order whatever could
have been deemed proper, the law will not permit the defend-
ant to effectually complain of it.

It should accordingly be affirmed, with ten dollars costs
besides disbursements.

DAVIS, P. J., and BRADY, J., concur.