## MERRITT C. HERRINGTON, RESPONDENT, v. THE VILLAGE OF LANSINGBURGH, APPELLANT.

*Negligence — when a city is not liable for the negligence of a contractor in constructing a sewer.*

The village of Lansinburgh entered into a contract with Broderick & Ellis for the building, by the latter, of a sewer through and along one of its streets, at and for a gross sum to be paid upon the completion of the work, the contractors agreeing to do the work to the satisfaction of the engineer in charge, and to indemnify the defendant against all loss, damages, costs and expenses arising from the nature of the work or the manner of its execution. In the course of the execution of the work it became necessary to do some blasting, the noise of which, produced by an explosion, frightened the plaintiff's horses which were tied to a post in an adjacent street, causing them to attempt to run away, whereby the plaintiff's property was damaged and serious personal injuries were inflicted upon him. In an action against the village to recover the damages so sustained :

*Held*, that the defendant was not responsible for the negligent acts of the contractors or their servants, and that the action could not be maintained.

*Pack* v. *The Mayor* (8 N. Y., 222), and *Kelly* v. *The Mayor* (11 id., 432), followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages resulting to the plaintiff's property and person from the frightening of his horses and their attempting to run away, by reason of an explosion in the streets of the defendant occurring in the course of the work of construction of a sewer by a village contractor. The horses were at the time tied to a post in the street.

*Henry A. Merritt*, for the appellant.

*Edgar L. Fursman*, for the respondent.

BOCKES, J. :

The defendant, the Village of Lansingburgh, contracted with Broderick & Ellis for the building, by the latter parties, of a sewer through and along one of its streets, with eight cess-pools to

be connected therewith, at and for the gross sum of $3,971, to be paid them for the completed work.

The contractors, Broderick & Ellis, stipulated to do the work to the satisfaction of the engineer in charge, and they also agreed to indemnify the defendant against all loss, damages, costs and expenses arising from the nature of the work or the manner of its execution.

In doing the work so contracted for, blasting became necessary, the noise of which, produced by an explosion, frightened the plaintiff's horses, hitched in an adjacent street, resulting in some damage to his property, and also in serious personal injury to himself when endeavoring to restrain them. On the trial the plaintiff had a recovery, against the defendant's objection that the cause of the injury and damage was the negligence (if negligence was established by the proof) of Broderick & Ellis, the contractors, or of their servants, for which the defendant, the Village of Lansingburgh, was not responsible.

This objection to the right of recovery we think well taken. It seems fully supported by the rule of law laid down in *Pack* v. *The Mayor* (8 N. Y., 222) and in *Kelly* v. *The Mayor* (11 id., 432). Here, as in the cases cited, the contract was for a completed job, to be paid for as such by a sum in gross. The defendant had no control over Broderick & Ellis or their workmen as to the manner of performing the work, or as to the persons to be employed by them in its performance; hence there was no relation of principal and agent, or of master and servant existing between the defendant and those contractors, or between the former and the employees of the latter; which relation lies at the foundation of the doctrine of *respondeat superior*.

It must be held in mind that the work here contracted for was not a nuisance either in its manner of performance or in its result. Nothing wrongful in itself was contracted to be done or suffered. Had this been otherwise, the rule of law applicable to the case would have been different, for the corporation could not, by contract or otherwise, create or continue a nuisance and escape the consequences resulting from it.

Nor was the injury here complained of caused by any negligence, careless act or omission of duty on the part of the defendant in pro-

tecting wayfarers from danger because of the existence in a public street of some obstruction or impediment to safe travel caused or permitted by it. From liability growing out of such omission of corporate duty the defendant could not absolve itself by contract with a third party. This was clearly shown by Judge COMSTOCK in *Storrs* v. *The City of Utica* (17 N. Y., 104), and the distinction was also there as clearly shown between such a case and one where the injury resulted from the *manner* of performing work which could be lawfully contracted to be done. This distinction sustained a recovery in Storr's case and also in *Dressell* v. *City of Kingston* (32 Hun, 533). It left those cases untouched by the rule laid down in *Pack* v. *The Mayor* and in *Kelly* v. *1 he Mayor*, above cited. We do not understand that the doctrine of the cases last cited has been disturbed by the more recent decisions to which our attention has been called ; on the contrary, they have been repeatedly cited as expressing the sound rule of law upon the subject discussed in them. (*Vogel* v. *The Mayor*, 92 N. Y., 10 ; *McCafferty* v. *S. D. and P. M. R. R. Co.*, 61 id., 178 ; *King* v. *N. Y. C. and H. R. R. R. Co.*, 66 id., 181 ; *Creed* v. *Hartmann*, 29 id., 591 ; See opinion of SELDON, J. ; see, also, *Smith* v. *Simmons*, 103 Penn., 32 ; Id., 49 Am. Rep., 113.) We are of the opinion that the case of *Pack* v. *The Mayor* and of *Kelly* v. *The Mayor* are decisive of this and require its reversal.

The clause in the contract that the work should be done to the satisfaction of the engineer in charge, and also that for indemnity, do not operate to change this conclusion.

Judgment and order appealed from reversed, new trial granted, costs to abide the event.

Present — LEARNED, P. J., LANDON and BOOKES, JJ.

Judgment and order reversed, new trial granted, costs to abide event.