Dwight, J.
—The complaint, on a promissory note, contained the usual allegations of transfer to and ownership by the plaintiff; upon which allegations issue was joined by an answer denying knowledge or information sufficient to form a belief.
The plaintiff’s proof showed that the note was turned out, by an intermediate holder, to the plaintiff and another creditor of the transferer, as collateral security for two promissory notes, one of which was held by each creditor, *588 the proceeds of the collateral note to be applied, pro rata, in payment of the two notes if neither was paid at maturity. The two notes matured; neither was paid, and this action was brought by the holder of one of them.
On these facts the defendant moved for a dismissal of the complaint, and the plaintiff asked leave to amend the complaint to make the other party interested in the notea party plaintiff.
The leave to amend was denied, and the complaint was dismissed.
The judgment cannot be sustained on the ground of defect of parties plaintiff, because that objection if not taken, either by demurrer or answer, is waived. • Code of Civil Procedure, §§ 488, 498 and 499; Van Deusen v. Young, 29 Barb., 9-19; Zabriskie v. Smith, 13 N. Y., 322-336. The objection could not be taken by demurrer because it did not appear on the face of the complaint. We may assume that it was not taken by answer, for the reason that the facts were unknown to the defendant. Nevertheless, by the positive provisions of the statute, in the present state of the pleadings, the objection was waived. No exception is made in favor of a party ignorant of the facts, however excusable or unavoidable his ignorance. The judgment cannot be sustained on the ground that the plaintiff has failed to establish a cause of action, because, without considering whether, in the present state of the pleadings and proof, the plaintiff was entitled to recover according to the demand of the complaint, it was, at least entitled to recover (the defect of parties being waived), according to its intererst shown, viz.: its pro rata share of the amount due on the note.
But the law is not so deficient in remedies as to leave the defendant without the possibility of relief from the anomalous position in which he is placed. He cannot be liable to have two judgments entered against him for one cause of action, nor even to have two actions maintained against him on one promissory note. His remedy was to amend his answer; and upon showing that he was then for the first time informed of the defect of parties plaintiff, that remedy must have been allowed him on the trial. To refuse it would have been error.
The judgment being reversed and a new trial granted, the defendant will have the opportunity to move at special term for the necessary amendment.
Judgment reversed and a new trial ordered before another referee; costs to abide event.
Barker, P. J., Haight and Bradley, JJ., concur.