## STORRS *v.* THE CITY OF UTICA.

A municipal corporation, owing to the public the duty of keeping its streets in a safe condition for travel, is liable to persons receiving injury from the neglect to keep proper lights and guards at night around an excavation which it has caused to be made in the street, whether it has or has not contracted for such precautions with the persons executing the work.

Distinction between liability of the ultimate superior for an injury resulting from the work itself, however skillfully performed, and that of the immediate superior for the negligence of a servant while executing it. The case of *Blake* v. *Ferris* (1 *Seld.,* 48) reviewed, *per* COMSTOCK, J.

APPEAL from the Supreme Court. The complaint charged that the defendant, having the care and control of the public streets within the limits of the city of Utica, caused a sewer to be excavated in Genesee-street, and carelessly left and permitted the excavation to remain open in the night-time, without any guard, barrier or protection to keep travelers from falling therein, and without any lamps or lights to enable passengers to discover the danger, by reason of which negligence the plaintiff drove a wagon into the sewer and was injured. The trial was at the Oneida circuit, before Mr. Justice PRATT. The plaintiff having proved his case, the defence was that the work was executed by one Shippey, under a contract, which contained no stipulation in respect to any precautions for the security of travelers. The defendant moved for a nonsuit: that the negligence was that of Shippey and his servants, for which it was not responsible. The judge, under exception, refused to nonsuit. The defendant took exceptions to his charge, which

sufficiently appear in the following opinion. The plaintiff had a verdict and judgment; which having been, on appeal, affirmed by the Supreme Court in the fifth district, the defendant appealed to this court. The cause was submitted on printed arguments.

*E. R. Bates,* for the appellant.

*H. Bennett,* for the respondent.

COMSTOCK, J. The charge of the judge under which the jury found a verdict against the defendant asserted the doctrine, in substance, that if, in the course of a public improvement, it became necessary for the city corporation to make an excavation in a street so as to render it unfit or dangerous to be traveled upon, it became the duty of the city to take measures, either by lighting the street or otherwise, to warn travelers of the danger, and that this duty did not rest upon the contractor unless he had specially agreed to perform it. I am of opinion that there was no error in this charge, unless it be in the apparent concession that a municipal corporation can avoid the duty in question, and the consequent liability to persons who suffer injury from its neglect, by bringing the contractor into a stipulation that he will perform such duty. In this case, however, there was no provision in the contract for constructing the sewer, that the contractor should place guards around the ditch, or light the streets at night, or, indeed, do anything to prevent travelers from receiving injury. The corporation merely undertook to build a sewer and let out the work by contract. It thus caused a deep and dangerous ditch to be dug in the principal street of the city, into which travelers at night were liable to fall, without making any provision, either in the contract or out of it, for preventing accidents of the kind now in question. When a case can be found, of respectable authority, holding that a city corporation, having the

exclusive control of the streets, owes to the public no duty in respect to them, and is not liable for accidents occasioned by gross neglect, then some progress will have been made in the argument for exonerating the defendant from liability for the injuries now in question.

We have been referred to two or three decisions of this court which perhaps should be briefly noticed. In *Blake* v. *Ferris* (1 *Seld.*, 48), the accident happened in consequence of a sewer in one of the streets of the city of New-York being left open and unguarded at night; but the defendants in that case were not the city corporation. They had merely a license to build the sewer for their own benefit, and, as appears to have been assumed in the opinion of the court, they let the work, through their agent, to a third person by contract, binding him, as they themselves were bound to the city, to cause proper lights to be placed at the excavation, for the prevention of accidents. No question of corporate duty or liability could therefore arise. It was held that the contractor whose servants were guilty of the neglect was liable, and that the defendants were not. The opinion of Judge MULLETT contains a very elaborate and, I doubt not, a very correct exposition of the doctrine of *respondeat superior;* but I feel less sure that the doctrine was applied with strict accuracy to the facts in the case. The reason for this doubt will be more appropriately stated after referring to two later cases which have also been cited on the part of the appellant. In one of these (*Pack* v. *The Mayor; &c., of New-York*, 4 *Seld.*, 222) one Foster had contracted with the corporation of New-York to furnish materials and do the work in regulating and leveling a part of the Bloomingdale road, in the city of New-York. The injury, on account of which the suit was brought, was occasioned by the negligent blasting of rocks, in the execution of the work under that contract, whereby fragments were thrown into the plaintiff's house. Following the general doctrines laid down in *Blake* v. *Ferris*, it was held that the

city corporation was not liable, on the ground that it was not the employer or superior of those whose negligence had caused the accident. Foster had sub-let the blasting to one Riley. Entirely similar to this in principle was the next case referred to. (*Kelly* v. *The Mayor of New York*, 1 *Kern.*, 432.) One Quin had contracted with the corporation to grade a street, and he employed another person to do the blasting, by whose negligence a stone was thrown against the plaintiff's house. The work was to be done under the direction and to the satisfaction of the commissioner of repairs and supplies, the superintendent of roads and the surveyor having charge of the work; but the court held that this agreement with Quin only entitled those officers of the city to direct the results of the work, and not the manner of performing it. It was accordingly held that the plaintiff could nòt recover; this decision, like that in *Pack* v. *The Mayor*, *&c.*, being placed distinctly on the ground that the corporation had no right to select the workmen, and therefore was not chargeable as principal for their careless acts in doing the work.

Now, in these two cases of *Pack* v. *The Mayor*, *&c.*, and *Kelly* v. *The Mayor*, *&c.*, the general doctrines so well set forth in *Blake* v. *Ferris*, were applied with entire precision and accuracy. The injuries were caused by the negligent acts of workmen over whom the corporation had no control, and done by them in the actual performance of the very work contracted for. In grading the streets, blasting was necessary, but with the manner of doing that the corporation could not interfere; nor could it discharge one workman or employ another. By the contracts it had secured the results only. But in *Blake* v. *Ferris* there was a difference in the facts which may justify the doubt I have above suggested. In that case there was no complaint of negligence in the actual performance of the work. The ditch was carefully and skillfully dug. There was no careless projection of rocks against horses or travelers. The plaintiff's carriage

and horses were driven into the ditch, because it was not guarded at night. The cause of the accident, therefore, was not in the manner in which the work was carried on by the laborers; if it had been, their immediate employer, and he only, was liable for the injury.. But in a sense strictly logical, as it seems to me, the accident was the result of the work itself, however skillfully performed. A ditch cannot be dug in a public street and left open and unguarded at night without imminent danger of such casualties. If they do occur, who is the author of the mischief? Is it not he who causes the ditch to be dug, whether he does it with his own hands, employs laborers or lets it out by contract? If by contract, then I admit that the contractor must respond to third parties, if his servants or laborers are negligent in the immediate execution of the work. But the ultimate superior or proprietor first determines that the excavation shall be made, and then he selects his own contractor. Can he escape responsibility for putting a public street in a condition dangerous for travel at night by interposing the contract which he himself has made for the very thing which creates the danger? I should answer this question in the negative. He may insert in the agreement, a clause that the contractor shall provide proper lights and guards, but I do not see how even that can change the principle. The contractor in that case would be liable to indemnify his employer for accidents occasioned by his neglect of the stipulation, and, perhaps, also liable directly to persons injured. He might even be liable to the latter for leaving the ditch unguarded at night, without any stipulation on his part. But, granting all this, it has no tendency, in my judgment, to shield the ultimate superior or author of the work from responsibility.

The principles suggested become plain propositions in the case of a municipal corporation which owes to the public the duty of keeping its streets in a safe condition for travel. That the duty exists is not denied; and the doctrine that

persons receiving special injury from its non-observance can maintain an action therefor was examined by this court and asserted in the recent case of *Hickcock* v. *The Village of Plattsburg* (16 *N. Y.*, 161.) What then is the obligation of a city corporation when it undertakes to construct a sewer in a public street? Can it in that undertaking and in any mode of providing for the execution of the work throw off the duty in question and the responsibilities through which that duty is to be enforced? Although the work may be let out by contract, the corporation still remains charged with the care and control of the street in which the improvement is carried on. The performance of the work necessarily renders the street unsafe for night travel. This is a result which does not at all depend on the care or negligence of the laborers employed by the contractor. The danger arises from the very nature of the improvement, and if it can be averted only by special precautions such as placing guards or lighting the street, the corporation which has authorized the work is plainly bound to take those precautions. The contractor may very probably be bound by his agreement not only to construct the sewer but also to do such other acts as are necessary to protect travel. But a municipal corporation cannot I think in this way either avoid indictment in behalf of the public or its liability to individuals who are injured.

These views perhaps go somewhat further than necessary to sustain the judgment now under review. In the present case the corporation of Utica determined to construct a sewer through its principal thoroughfare, and not only neglecting on its own part to take any measures for the protection of travelers, it did not even bind the contractor to anything beyond the mere execution of the work. It has been determined by this court that under such a contract the contractor is under no obligation to the corporation employer to take measures to prevent persons from falling into the ditch while in process of construction. (*The City*

*of Buffalo* v. *Holloway,* 3 *Seld.,* 493 ). In determining that point the opinion was also very clearly expressed that the corporation of Buffalo was liable to persons receiving injury by its neglect to maintain lights and guards around the excavations made in progress of the work.

The judgment should be affirmed.

ROOSEVELT, J., dissented, holding that Shippey, the contractor, was bound, not as agent of the city corporation, but as principal, so to perform the work as not injure travelers, and that he only was liable for the negligence.

DENIO, J., did not sit in the case.

All the other judges concurring,

Judgment affirmed.