## COMMISSION OF APPEALS.

WILLIAM McCAFFERTY agt. THE SPUYTEN DUYVIL AND PORT
MORRIS RAILROAD COMPANY.

*Liability for injuries caused by negligence of employe in prosecuting work.*

Where a railroad corporation lets the contract for building its entire road
to a contractor for an agreed price, and the contractor sublets a portion
of his contract to a sub-contractor, and during the progress of the work,
through carelessness of the workmen in blasting rock, an injury is done
the plaintiff, the railroad corporation is not liable therefor.

Where the work in progress is lawful, and not a nuisance, the principal is
not liable for the acts or negligence of another, unless the relation of
master and servant or principal and agent exists between them.

*October,* 1874.

APPEAL from the judgment of the general term of the
supreme court in the second department, reversing the judg-
ment of the circuit court dismissing the complaint. The facts
sufficiently appear in the opinion.

*Elliott F. Shepard,* for defendant and appellant.

*William Barney & C. C. & S. F. Prentiss,* for plaintiff
and respondent.

EARL, *C.* — The defendant had the right to build its road
in the place where it was located, and, hence, was not engaged
in an unlawful enterprise. It let the contract to build the
entire road to one Decker, and it seems that he sub-contracted
the whole, or a portion of the work, and the blasting com-
plained of was done by men employed by the sub-contractor.
Over these men the defendant had no control. It neither

McCafferty agt. Spuyten Duyvil and Port Morris R. R. Co.

hired nor paid them, and could not control, direct or discharge them.  Hence, the rule of *respondeat superior* applies, and the principal for whom the men were working and by whom they were employed, and not the defendant, is liable for the damage done to the plaintiff.  There has been difficulty in the application of this rule, growing out of the fact that it is not always easy to determine whose servant the person committing the wrong is.  There is no such difficulty in this case. Every man is answerable for acts done by the negligence of those whom the law denominates *his* servants, because such servants represent the master himself, and their acts stand upon the same footing as his own.  In *Hobbitt* agt. *London*, &c. (4 *Exch.*, 255), ROLFE, B., says : " The liability of any one other than the party actually guilty of any wrongful act, proceeds on the maxim *qui facit per alium, facit per se.* The party employing has the selection of the party employed, and it is reasonable that he who has made choice of an unskillful or careless person to execute his orders should be responsible for any injury resulting from the want of skill or want of care of the person employed ; but neither the principle of the rule, nor the rule itself, can apply to a case where the party sought to be charged does not stand in the character of employer to the party by whose negligent act the injury has been occasioned."

This is not a case where defendant contracted for work to be done which would necessarily produce the injuries complained of.  They were caused by the negligent and unskillful manner in which the blasts were conducted.  The injuries were not occasioned in consequence of the omission of any duty which was incumbent on the defendant.  It had let the contract, so far as appears, to a competent person, and had provided in the contract that he should be responsible for any damage occasioned by blasting.  The defendant did not authorize or permit a nuisance upon its premises.  If it had, it would have been liable for any damage occasioned by the nuisance.

Hence, if the defendant can be held liable in this case, it must be upon the naked ground that it is responsible for the careless acts of the sub-contractor's servants, over whom it had no control.

There is no authority in this state for imposing such a liability under such a state of facts.

In *Pack* agt. *The Mayor, &c., of New York* (8 *N. Y.*, 222) the defendant had let a contract to one Foster to level and regulate. Bloomingdale road, in the city of New York, and Foster had sub-contracted with one Reiley to do all the blasting of rocks upon the job ; and Reiley, while engaged in blasting, threw rocks into the plaintiff's house, doing damage for which the action was brought. It was held that defendants were not liable, that Reiley was not their servant, and, hence, that they were not, under the rule of *respondeat superior*, responsible for his acts. This case was approved and followed in *Kelly* agt. *The Mayor, &c., of New York* (11 *N. Y.*, 432). In the latter case the defendants had let the contract of grading a street, in the city of New York, to one Quinn ; and his servants, in blasting rocks in the street, caused a stone to be thrown against plaintiff's house, and for the injury thus caused the plaintiff sued. It was held that defendant was not responsible for the negligence of Quinn's servant. It is impossible to distinguish these cases from the one now before us. They have never, so far as I can discover, been questioned.

In *Storrs* agt. *The City of Utica* (17 *N. Y.*, 104), while judge Comstock criticised the case of *Blake* agt. *Ferris* (5 *N. Y.*, 748), he expressly approved these two cases. In the case of *Storrs* agt. *The City of Utica*, the defendant was held liable because it owed a duty to the public to keep its streets in a safe condition for travel, and not because it was responsible for any negligent act of the contractor.

In *Water Co.* agt. *Ware* (16 *Wallace*, 566), the defendant had taken a contract to lay water pipes along the streets of the city of St. Paul, and then sub-contracted the work, and

the sub-contractor, by his carelessness, caused the injury sued for. The defendant was held liable because he had agreed in his contract with the city to be responsible for all such damages.

CLIFFORD, J., lays down the following rules, applicable to such cases: " When the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but when the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do these acts is equally liable to the injured party."

In this case the injury complained of did not result directly from anything which the contractor was bound by his contract to do, but from the careless and wrongful acts of the men engaged in the blasting. If the blasting had been properly done the plaintiff would have suffered no damage.

In *Butler* agt. *Hunter* (7 *H. & N.*, 826), the plaintiff and defendant were owners of adjoining ancient houses, and an architect, employed by the defendant to superintend the repairs of his house, having considered it necessary to pull down and rebuild the front wall, agreed with a contractor to do the work for an estimated price; and the workmen of the contractor, in pulling down the wall, removed a bad summer which was inserted in the party-wall between defendant's and plaintiff's house, without taking any precautions by shoring or otherwise; in consequence of which the front wall of the plaintiff's house fell; and it was held that there was no evidence for the jury of any liability on the part of the defendant.

POLLOCK, C. B., said: " No doubt, when the act is in itself a nuisance, the party who employed another to do it is responsible for all the consequences, for then the maxim *qui facit per alium facit per se* applies. But where the mischief

arises, not from the act itself, but the improper mode in which it is done, the person who ordered it is not responsible, unless the relation of master and servant exists."

In *Rodie* agt. *The London*, &c. (4 *Exch.*, 244), a company empowered by act of parliament to construct a railway, contracted, under such act, with certain persons, to make a portion of the line, and by the contract reserved to themselves the power of dismissing any of the contractor's workmen for incompetence. The workmen, in constructing a bridge over a public highway, negligently caused the death of a person passing beneath, along the highway, by allowing a stone to fall upon him ; and it was held that the company was not liable, and that the terms of the contract did not make any difference. ROLFE, B., said:

" The wrongful act here could not in any possible sense be treated as a nuisance. It was a simple act of negligence ; and in such a case there is no principle for making any distinction by reason of negligence having arisen in reference to real, and not to personal property." During the argument of the case, PLATT, B., put the following question to counsel: " Suppose the occupier of a house were to direct a bricklayer to make certain repairs to it, and one of his workmen, through his clumsiness, was to let a brick fall upon a passerby, is the owner liable ?" The decision of the case answers this question in the negative. In *Allen* agt. *Willard* (57 *Penn.*, 374), AGNEW, J., said : " The principle extracted from the cases is said to be, that a person, natural or artificial, is not liable for the acts or negligence of another, unless the relation of master and servant, or principal and agent, exist between them ; and that when an injury is done by a person exercising an independent employment, the party employing him is not responsible to the person injured. This doctrine, it must be noticed, has regard to cases where the purpose of the contract is entirely lawful, and where the owner of the property upon which the contract is to be executed can lawfully commit its performance to others."

The case of *Hays* agt. *The Cohoes Company* (2 *Coms.*, 159), is not an authority, and has never been regarded as an authority upon the questions involved in this case. It was there assumed that the persons who caused the injuries complained of were the agents and servants of the defendants; and the only question considered in the court of appeals was, whether the defendants could be made liable without the proof of negligence.

A further reference to authorities cannot be useful. They are not uniform and free from confusion. It has not always been easy to determine whether the relation was that of master and servant or that of contractor and contractee; and some difficulties have been occasioned by attempting to establish a distinction between the owner of real and of personal property, and to hold the former to a stricter liability than the latter, by making them responsible for the negligent use and management of their real estate, and negligent conduct upon it by contractors and their agents. But this distinction has been quite thoroughly repudiated, as is shown by the case above cited, and also by *Sherman and Redfield on Negligence* (95, *and cases cited in note*).

I am, therefore, of opinion that the disposition of this case at the circuit was the proper one, and that the order of the general term must be reversed, and judgment at the circuit affirmed, with costs.

DWIGHT, C. dissents.