JOSEPH W. BAXTER AND JOHN R. BAXTER, RESPONDENTS, *v.* SHELDON WARNER, APPELLANT.

*Excavation in street — liability of person causing.*

The defendant employed one Reynolds to dig a ditch in a street, in the city of Utica, to connect with the sewer therein. Reynolds erected barricades around the excavation, but neglected to place lights thereon. The plaintiff, while driving along the street on a dark and rainy night, in turning out to avoid a projection of the barricade, struck against a post and injured his wagon. *Held,* that the defendant was liable for the damages thereby sustained.

APPEAL from a judgment of the County Court of Oneida county in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions in an action for damages for injuries done plaintiffs' wagon by reason of a barricade erected around an excavation in the street, made by defendant's agent, and left in the night-time without any light thereon. One of the plaintiffs in driving through the street

on a dark and rainy night, in turning out to avoid a projection of the barricade, struck against a post and injured the wagon.

*S. M. Lindsley*, for the appellant.

*William H. Davis*, for the respondents.

GILBERT, J. :

We think the evidence was sufficient *prima facie* to show that the accident occurred upon a public highway. Lansing street had been laid out as a public street, with a carriage-way, sidewalks, gutters, etc., and it was in constant use as a street. These things would not ordinarily exist, unless it was a street provided for public use by competent authority, and subject to public control and supervision. Indeed, the charter of the city recognized the existence of the street, and the provision relieving the city of the control of a portion of it, does not detract from the character of any part of it in actual public use as a highway. The defendant, therefore, had no right to do any thing himself, or to cause any thing to be done by another, whether servant or contractor, which rendered the street less safe than formerly. It is immaterial to inquire whether Reynolds was a contractor or a servant. He was employed by the defendant to dig the ditch in the street, and the injury is attributable to that act. The rule deduced from the maxim *respondeat superior*, which exempts an employer, does not apply to cases where the injurious act is the very act which the contractor was employed to do, or a necessary consequence of the work committed to him. Here the defendant shows no legal authority for making an opening in the street; it was an illegal act; that act necessitated the obstruction of the street by barriers, to prevent travelers from falling into the ditch; and these barriers being left in the nighttime without lights, were the immediate cause of the accident to the plaintiff. The defendant cannot escape liability for the doing of such acts, by proving that he made a contract with another to do them, and that they were actually done by the latter, and not by himself. (*Ellis* v. *Sheffield Gas Com. Co.*, 2 Ell. & Bl., 767; *Gray* v. *Pullin*, 5 B. & S., 970, 981; *Pickard* v. *Smith*, 10 C. B. [N. S.], 470; *Mersey Docks* v. *Trustees L. R.*, 1 H. of L., 114; *Storrs*

v. *City of Utica*, 17 N. Y., 104; *Congreve* v. *Smith*, 18 id., 79; *Creed* v. *Hartman*, 29 id., 591.)

The question of the contributive negligence of the plaintiff was one of fact, and, we think, was submitted to the jury in a manner quite as favorable to the defendant as the evidence warranted.

The judgment and order denying a new trial should be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.