JOHN N. DRESSELL, RESPONDENT, *v.* THE CITY OF KINGSTON, APPELLANT.

*City — liability of, for injuries sustained by one passing along the sidewalk because of a hole therein — it is not excused by the fact that the contractor making it agreed to prevent all accidents.*

The city of Kingston entered into a contract with one Langan for the grading of certain of its streets. The work was to be done under the direction and to the satisfaction of certain of the city officers, and Langan agreed to adopt and take all necessary precautions for the prevention of accidents during the progress of the work. The plaintiff while passing along the sidewalk fell into a hole therein, which had been blasted by the contractor's servants for the purpose of setting the curb-stone, and left uncovered and wholly unguarded.
*Held,* that the city was liable for the injuries sustained by the plaintiff.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover damages for injuries sustained by the plaintiff from falling into an excavation in the sidewalk of one of the defendant's streets.

*John J. Linson,* for the appellant.

*E. S. Wood,* for the respondent.

BOCKES, J.:

The appellant, the city of Kingston, contracted with Patrick Langan for the grading of a part of Pierpont street and other streets in the city. The work was to be done under the direction and to the satisfaction of the city officers named, and it was stipulated that Langan should adopt and take all necessary precautions for the prevention of accidents during its progress. This last requirement he omitted to observe, but having, by his servants, blasted a hole in the sidewalk, near the foot-path, for the purpose of setting the curb-stone, he left it uncovered and wholly unguarded by lights or otherwise. The plaintiff on passing along the walk fell into the excavation and was injured. On the trial he had a recovery.

The appellant now urges as grounds of law (1) that the cause of injury was the negligence of Langan, the contractor, or of his servants, for which the city was not responsible, and (2) that there was contributory negligence on the part of the plaintiff. In answer to the last point it is sufficient to say that the question of contributory negligence was for the jury on all the circumstances of the case as disclosed by the proof. It seems that the excavation was made only a few hours prior to the accident, and after the plaintiff had recently passed the locality in safety, going and returning from his house to his business. The time was early evening, but it had already become very dark; no guards had been placed around the excavation, nor was it covered, nor was there any indication of danger by lighting the place or otherwise, nor was there any question as to the right of the plaintiff to pass along the walk, as he was doing, and evidence was given as to the manner in which he was pursuing his way. The case was plainly for the jury on the question of contributory negligence.

On the other point, that the negligence complained of was that of Langan, for which the city was not responsible, the case falls directly within the decision in *Storrs* v. *The City of Utica* (17 N. Y., 104), where the defendant's liability was declared, in a case much like the present, on the facts. The question discussed in the case

cited was also considered in *McCafferty* v. *S. D. and P. M. Railroad Company* (61 N. Y., 178), and so also in *Vogel* v. *The Mayor* (92 id., 10–17, etc.), where the difference was again noted between a case like the present and that of *Blake* v. *Ferris* (5 id., 48), that of *Pack* v. *The Mayor* (8 id., 222), and that of *Kelly* v. *The Mayor* (11 id., 432). See, also, *Brusso* v. *City of Buffalo* (90 id., 679), and *Smith* v. *Simmons* (29 Alb. L. J., 109). The doctrine of the case last cited is this, that where the injury occurs by reason of the negligent acts of workmen, over whom the corporation has no control, and done by them in the performance of the work contracted for, as in the case of negligently blasting out rocks under a contract with the corporation for grading streets, the latter is not liable. But, as stated by Judge COMSTOCK, in *Storrs* v. *The City of Utica*, where the accident does not occur because of the manner in which the work is carried on by the laborers, but because of the result of the work itself, however skillfully performed, creating in itself a nuisance, liability of the employer or ultimate superior ensues. The learned judge in Storrs' case says, that " although the work may be let out by contract, the corporation still remains charged with the care and control of the street in which the improvement is carried on. The performance of the work necessarily renders the street unsafe for night travel. This is a result which does not at all depend on the care or negligence of the laborers employed by the contractor. The danger arises from the very nature of the improvement, and if it can be averted only by special precautions, such as placing guards or lighting the street, the corporation which has authorized the work is plainly bound to take these precautions." The true rule is very plainly stated by CLIFFORD, J., in *Water Company* v. *Ware* (16 Wall., 566), where the learned judge says, that " where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but when the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts, is equally liable to the injured party." It may be also noted that in such case the duty of notice to the cor-

poration of the existence of the obstruction or defect is removed, inasmuch as the thing itself contracted to be done creates the liability. The point now under discussion has been so fully considered by Judge COMSTOCK and Judge EARL in the cases cited. that further comment here is quite unnecessary, if not actually presumptuous. The liability of the city for the negligence, charged in this case, is put beyond cavil by the decisions in the cases cited, and this too irrespective of the fact whether or not the contractor in and by his contract, stipulated to conduct the work with all needful care and prudence, and further to save the city harmless from all claims for injuries which should be caused thereby.

The appellant's counsel refers us to *Norton* v. *Wiswall* (26 Barb., 618); *Schular* v. *Hudson River Railroad Co.* (38 id., 653), and *Sweet* v. *Village of Gloversville* (12 Hun, 302), as cases supporting his alleged ground of error. But in this he is under mistake, or if it be as he claims, those cases must yield to the superior authority of those referred to in the Court of Appeals.

Exceptions were taken in the progress of the trial to the admission of evidence; also to rulings of the judge in his refusal to charge the jury as requested in numerous particulars. But no point is made on this appeal by the defendant's counsel to any of them, hence we give them no attention.

Judgment affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

So ordered.