6     ANN *v.* HERTER.

SECOND DEPARTMENT, JANUARY TERM, 1903.   [Vol. 79.

CHARLES ANN, Respondent, *v.* PETER HERTER, Appellant, Impleaded with PETER J. HERTER.

*Negligence — injury from falling into a trench dug near a sidewalk — proof that it was dug by an independent contractor — proof that it was within the street line — submission to the jury of the question whether the injured man was free from contributory negligence.*

Where, in the process of erecting a building upon premises abutting upon a public street, an excavation ten feet deep, fifty feet long and several feet wide is dug, which excavation encroaches or at least abuts upon the part of the sidewalk used by pedestrians, the fact that the excavating was done by an independent contractor will not relieve the owner of the premises from liability to a person who, while walking along the sidewalk in the daytime, without negligence on his part, falls into the excavation, which has been left unguarded and unprotected except by a barrel at each end.

What evidence is sufficient to establish *prima facie* that the excavation was within the street line, although such line was not shown by survey or deed, considered.

What evidence is sufficient to authorize the submission to the jury of the question whether the pedestrian who fell into the hole was free from contributory negligence, considered.

APPEAL by the defendant, Peter Herter, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 10th day of February, 1902, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 10th day of February, 1902, denying the said defendant's motion for a new trial made upon the minutes.

*John F. Coffin,* for the appellant.

*Frederick F. Neuman* [*George W. Newgass* with him on the brief], for the respondent.

JENKS, J.:

The plaintiff, passing along a public sidewalk in the city of New York, fell into an unguarded excavation. He has obtained judgment for personal injuries against the defendant Peter Herter, who owned the premises where the excavation was being made incidental to certain building work. The defendant attacks the judgment upon three grounds:

*First.* It is urged that the defendant is not liable because the excavation was made by an independent contractor. Whether the work was that of an independent contractor was in dispute, and the question was submitted to the jury. But even if the evidence had established it beyond dispute, I think that the rule which absolves an owner from liability for the negligence of an independent contractor does not apply, but the exception to that rule applies, namely, that when the work itself creates the danger or injury, then the owner of the premises, who made the contract, is liable to persons injured by the omission properly to protect the work, and cannot shield himself by plea and proof that the work was entirely committed to an independent contractor. (*Murphy* v. *Perlstein*, 73 App. Div. 256; *Downey* v. *Low*, 22 id. 460.) The evidence for the plaintiff showed that the excavation, which was ten feet deep, fifty feet long and several feet wide, was left wholly unguarded and unprotected. It also tended to show that such excavation encroached for some feet upon the sidewalk, and at least it showed that the cutting abutted upon the walk used by pedestrians. If it only abutted, I think that the doctrine of *Beck* v. *Carter* (68 N. Y. 283) would apply.

*Second.* It is urged that it was error to admit certain city ordinances in evidence. The first ordinance (§ 220, rules and ordinances of the city of New York) related to the duty of those " engaged in digging down any road or street, in paving any street, building any sewer or drain, trench for water pipes, or digging and building a well in any of the public * * * streets," to erect a fence or railing at such excavation or work in such manner as to prevent danger to passengers who may be traveling upon such streets. It is contended that there was no competent evidence in the case that the excavation encroached upon the public street. The witness, Policeman Brittin, testified that the excavation extended for three and a half or four feet, about to the center of the sidewalk, meaning by the term " sidewalk" the distance clear from curb to building line, and that a portion of the area walls, where " they had started to build out the vaults," was outside of the edge of the sidewalk; that a portion of the area wall toward the north was built up level with the street, not the whole of it, and that he was positive of these things because he had made a thorough examination upon a report. He further testified that

the cutting extended four feet outside of the stoop line, which line was from three and a half to four and a half feet from the building proper, and that although he had never made a survey to locate the stoop line, he had made measurements as he had seen it. The witness, Policeman Willett, testified that in making out reports, etc., he had gained experience in stoop lines, in regard to signs and things placed beyond them; that the stoop line was always considered about three and a half feet from the face of the building; that this excavation was five or five and a half feet out from the front of the building, and that the sidewalk was outside of the stoop line. And Brittin also testified that the wall of the defendant's building was flush with the faces of the other buildings. Again, Willett testified that the excavation extended three and a half feet beyond the area line toward the curb. The defendant's superintendent, O'Reilly, testified that the area wall was the line that divides the highway from private property, but that he could " not recollect" whether this excavation was " within the street line — within the public highway." While it is true that the exact lines were not shown by survey or deed, I think that the testimony was competent and sufficient to show *prima facie* that the excavation was upon the street within the purview of an ordinance which required a person digging down any road or street in any of the public roads, streets or avenues where such work, if left exposed, would be dangerous to passengers traveling such street, to fence or to rail such excavation. Moreover, section 221 of the rules and ordinances of the city of New York provides that section 220 should apply to every person engaged in *building any vault,* or who shall do or perform any work *causing obstructions in the public streets.* Now, Policeman Brittin testified that he found the plaintiff lying at the bottom of the cellar " where they had excavated for vaults under the sidewalk," and Policeman Willett testified as to the placing of building materials upon the street so that he made complaint thereof.

*Third.* It is said that the plaintiff failed to show absence of contributory negligence in that in daytime he walked into a cutting fifty or sixty feet long, fifteen feet deep and four or five feet wide. And it is pointed out that the plaintiff testified that he passed by the building, walked about a block, returned, and in attempting to pass two women who were in front of him, fell into the excavation.

But this cutting did not yawn in the way so that one not star-gazing or wool-gathering would halt before it, or one stepping into it would be guilty of contributory negligence in view of a known and obvious danger in his path. The situation was quite difficult. Even though the cutting had encroached upon the sidewalk for several feet, or had abutted on the sidewalk as then constituted, it had not been left as a pit open in the way. There was still a side-walk for passengers. This sidewalk had either been narrowed for sixty feet by the excavation, or such an excavation for sixty feet abutted the sidewalk then in use. A barrel near the north side and another on the south side of the building were placed on the edges of the cavity. But there was nothing whatever along the side by way of guard or protection. It is entirely natural that these barrels both masked the hole and also served to indicate that part of the sidewalk which was open and free for passengers, and so after one had entered upon the way thus indicated, he was walking along the brink of an unguarded excavation, but not toward a pit directly in his way. I think that, under the circumstances, the question of con-tributory negligence was properly submitted to the jury.

The judgment and order should be affirmed, with costs.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment and order unanimously affirmed, with costs.