### MULLINS v. SIEGEL-COOPER CO.

(Supreme Court, Appellate Division, Second Department.   June 17, 1904.)

1. DEFECTIVE SIDEWALK—PERSONAL INJURIES—LIABILITY OF ABUTTING OWN-
   ER—INDEPENDENT CONTRACTOR.

   Where an independent contractor employed by defendant to construct
   stonework on defendant's premises drew heavy loads of stone over the
   sidewalk in front of the premises, so as to render the walk defective and
   unsafe, defendant was liable for an injury resulting from such unsafe
   condition.

2. SAME.

   Where the sidewalk in front of the defendant's premises was rendered
   defective and unsafe by the hauling of stone across it, to be used in con-
   structing a wall for defendant, and such defective condition was increased
   by the subsequent driving of defendant's wagons across the walk, defend-
   ant was liable for an injury occasioned by the defective condition.

   Woodward, J., dissenting.

Appeal from Special Term, Richmond County.

Action by Mary Mullins against the Siegel-Cooper Company.   From
a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

George Gordon Battle, for appellant.
Warren C. Van Slyke, for respondent.

HOOKER, J.   Injured as the result of a fall due to her tripping
over a flagstone in the sidewalk raised two or three inches above the
level of the adjacent surface, in front of defendant's premises, the
plaintiff has maintained her action for defendant's negligence, and de-
fends on this appeal the judgment and order denying the defendant's
motion for a new trial.   Some time after the defendant built its stables
upon the premises in question it let a contract for the building of a stone
wall near the rear of its lot in West New Brighton, in the borough
of Richmond, city of New York, and to accomplish this work it was
necessary for the contractor to, and he actually did, draw into the lot
across the flagstones composing the sidewalk in front of defendant's
premises heavy loads of stone and other building materials.   The prin-
cipal evidence in relation to the manner in which the surface of the
sidewalk became defective was that of the son of the plaintiff, where he
says that he remembers a stone wall being built at the rear of those
premises, and that he recalls one morning in July, 1902, seeing a wagon
loaded with stone going into the lane across the sidewalk.   He came
in that direction to take the car to go to his work, and, walking down
the street in question, was held up by a wagon filled with stone; and
he saw the front wheel turn over a flagging, and he saw the flagging
on the south end come down and the front end raised up.   When the
wagon went by, the stone fell back somewhat upon the other next to
it.   The evidence tended to show that subsequent to the month of July,
1902, the lapping stone grew worse as a result of the use of that por-

¶ 1. See Master and Servant, vol. 34, Cent. Dig. §§ 1254, 1259.

tion of the sidewalk by the wagons of the defendant itself and by the carts of an independent contractor who had purchased manure from defendant's stables, and carted it away weekly. The appellant objects to the validity of the judgment on the grounds that the act complained of which caused the original breaking of the surface of the sidewalk was performed by some one other than the defendant, and over whom it had no control, and also that, even if the defendant could be held accountable for the act of the independent contractor, no duty devolved upon the defendant to maintain the sidewalk in reasonably safe condition.

We are unable to approve these principles. The true doctrine is quoted by Judge Cullen, who wrote the opinion in Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207. That was an action where the plaintiff fell through an unguarded coal chute, left open by an independent contractor, who was removing ashes from defendant's premises under an agreement for certain compensation for a year. It was there said:

"The general rule is that the owner of property is not liable for the negligent acts of an independent contractor with whom he has an agreement for the performance or prosecution of this work. But to this rule there is an exception. If the work itself creates the danger or injury, then the ultimate superior or proprietor is liable to persons injured by a failure to properly guard or protect the work, even though the work is intrusted to an independent contractor. Storrs v. City of Utica, 17 N. Y. 104 [72 Am. Dec. 437]; Creed v. Hartmann, 29 N. Y. 591 [86 Am. Dec. 341]; Vogel v. Mayor, etc., 92 N. Y. 10 [44 Am. Rep. 349]; Water Company v. Ware, 16 Wall. 566 [21 L. Ed. 485]."

The same rule was the subject of discussion in Weber v. Buffalo Railway Co., 20 App. Div. 292, 47 N. Y. Supp. 7, where Mr. Justice Green, writing, said:

"The negligent act or omission, if established, constituted an unlawful invasion of the plaintiff's right of transit over the public highway. It appears clear enough to us that, under the circumstances of this case, a duty was imposed upon the defendant which it could not evade by employing a contractor to do the work. It could not get rid of the responsibility thus cast upon it by transferring that duty to another. It was not competent to get rid of such a duty by imposing it upon an independent contractor. A duty rested upon the company, therefore, to insure such precaution in doing the work as to render the highway reasonably safe against the possibility of accidents to the traveling public."

The nature of the work which the defendant had contracted to have performed upon his premises created the necessity for carting heavy materials across the sidewalk in front of his premises. The unsafe condition of the sidewalk resulted from its improper use in the prosecution of work beneficial to the defendant. Its wall could not have been built without the stone and materials being hauled across that sidewalk. "The work itself created the injury" to the sidewalk, and defendant cannot escape liability for damages resulting from the use of the walk in such manner as to interfere with the rights of the public therein. The defendant received the advantage of the use of the sidewalk, and could not rid itself of responsibility for its improper use by transferring the duty of cartage across the walk to a so-called independent contractor. Deming v. Terminal Railway of Buffalo, 169 N. Y. 1, 61 N. E. 983,

88 Am. St. Rep. 521; Ann v. Herter, 79 App. Div. 6, 79 N. Y. Supp. 825; Ramsey v. National Contracting Co., 49 App. Div. 11, 63 N. Y. Supp. 286; Murphy v. Perlstein, 73 App. Div. 256, 76 N. Y. Supp. 657.

As to the other proposition raised by the appellant, we may say that it is probably true, as he urges, that the abutting owner is not bound to keep the sidewalk in repair, and is not responsible to travelers for defects therein not caused by himself. City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760. It is said that any other rule would tend to relax the vigilance of municipal corporations in the performance of their duties in respect to the repair of streets and highways, and demoralize the public service thereby. It is equally well established, however, as an exception to this rule, that, where the owner of abutting property uses the sidewalk to his individual advantage, or interferes with the sidewalk in such a way as to interfere with the rights of pedestrians thereon, he must use reasonable care to see that such use does not render the sidewalk unsafe or dangerous. It was said in Matthews v. De Groff, 13 App. Div. 356, 358, 43 N. Y. Supp. 237, that, "where an abutting property owner avails himself of a privilege which may be accorded to him of placing something in or by the sidewalk which will serve as a convenience or easement to his premises, he becomes also charged with the duty to see that the place thus used is maintained in a safe and proper condition." In Heacock v. Sherman, 14 Wend. 58, it was held that the owner of the premises is bound to repair in consideration to private advantages. Trustees of Canandaigua v. Foster, 156 N. Y. 354, 50 N. E. 971, 41 L. R. A. 554, 66 Am. St. Rep. 575, was an action by the trustees of the village of Canandaigua against the owner of property abutting upon one of the streets of that village for the amount of a judgment that had been awarded against it in a suit by one who was injured in the use of the sidewalk in front of defendant's premises as a result of the giving way of a grate in the sidewalk, it being claimed that the grate was insecure because of the lack of reasonable care and repair on the part of the defendant, Foster. There the Court of Appeals held that an implied duty arose that the owner of abutting property should use reasonable care in the inspection and repair of that grate, and the court said:

"It was built for his accommodation, and was a benefit to his property only, and the law placed upon him the obligation of using due care to keep it in a suitable and safe condition for the public to walk over as a part of the sidewalk. Proper construction, in the first place, was not enough to relieve him from liability, but the duty of inspection and repair continued while he owned and was in the exclusive possession of the premises. The duty ran with the land as long as the grate was maintained for the benefit of the land."

The following cases were cited upon this proposition: Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398; Wolf v. Kilpatrick, 101 N. Y. 146, 4 N. E. 188, 54 Am. Rep. 672; Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459; Village of Port Jervis v. First National Bank, 96 N. Y. 550; Davenport v. Ruckman, 37 N. Y. 568; Swords v. Edgar, 59 N. Y. 28, 17 Am. Rep. 295; Briggs v. N. Y. C. & H. R. R. R. Co., 30 Hun, 291; Heacock v. Sherman, 14 Wend. 58; Village of Seneca Falls v. Zalinski, 8 Hun, 571; Whalen v. Gloucester, 4 Hun, 24; Matthews v.

De Groff, 13 App. Div. 356, 43 N. Y. Supp. 237; Elliott on Roads
& Streets, 541; Thomas on Negligence, 1145.

We discover no difference in principle between this case and those
dealing with grates, coal chutes, or holes in sidewalks. Such open-
ings in the sidewalk are put there for the advantage of the owners,
and for the benefit of the property. In the case at bar the stone was
drawn in upon the premises of defendant for the purpose of build-
ing a wall to enhance the value of the property, and for the use and
convenience of the defendant. It subjected the sidewalk in front of
this lane to a use other than that involved in the right of the public
to use the sidewalk, and was purely its own. No question arises that
such use was unauthorized, for one may have access from his prem-
ises to the public street, even though he must cross the sidewalk;
but under the doctrine we have cited, and under the maxim, "So use
your own property as not to injure the rights of another," we believe
that, as the injury to the walk was primarily caused by the drawing
of the stone, and was enhanced by subsequent private use of the de-
fendant, or for its benefit, it was liable for the result of the improper
condition. The accident occurred several months after the sidewalk
was first put into this unsafe condition, which grew steadily worse.

The evidence warranted the finding that the defendant was negli-
gent, and the judgment and order should be affirmed. All concur,
except WOODWARD, J., who dissents.

WOODWARD, J. (dissenting). I am unable to concur in the
decision about to be made in this case. The only possible evidence
of any disturbance of the flagstone walk producing the defect which
caused plaintiff's injury is that furnished by the plaintiff's son, who
testifies that in the summer of 1902 he remembers that a stone wall
was constructed in the rear of defendant's premises; that he remem-
bers one morning in July that he saw a wagon driven over the flag-
stone walk; that the wheel turned over a flagging, and that he saw
the flagging on the south end come down and the front end raised
up, and when the wagon went by the stone fell back a little bit on to
the other ahead of it. He said he noticed when a wagon was going
across that particular place it would raise the flag up, and it kept get-
ting worse all the time; that he had seen wagons marked "Siegel-
Cooper Company" going in and out of that lane about once a week,
but it appears conclusively that the only wagons of the latter descrip-
tion which he had seen were wagons moved over the walk by hand,
when they were being placed in storage. The only wagon which is
alleged to have misplaced the flagging, producing an obstruction
over which the plaintiff fell, was one used by an independent con-
tractor, who was drawing the stone to be used in the construction
of the rear wall; and just how the defendant can be held liable for
this defect is one of the things which I have not been able to under-
stand. If this independent contractor had driven his wagon over a side-
walk a mile up the street, and had produced the same condition there,
would the defendant have been liable? Clearly, when one lets a con-
tract to an individual to construct a wall upon his own premises he

does not assume responsibility for the negligence of the contractor in moving the materials to the place. He does not undertake the obligation that the contractor's teamster shall be free from negligence in driving over the common highways, and it is difficult to understand how the defendants in this case could become responsible for the condition of the sidewalk in front of their premises without ever having interfered with the same. Of course, if the work which the contractor undertook was essentially dangerous to the public; if it involved blasting in the public highways, or even upon the defendant's premises, in such a manner as to throw the materials into the highway or upon the premises of other persons—the defendants would be liable, notwithstanding the fact that the work was done by an independent contractor. But in this case the work undertaken by the contractors was the construction of a wall upon the premises of the defendant. It was not a work which in any way menaced the public. It was not a work from which any substantial danger could be reasonably anticipated to anyone. The only dangers which could arise must result from the negligence of the independent contractor in the prosecution of the work, and I know of no authority which holds that under such circumstances negligence may be imputed to the owner of the premises. The sidewalk was not used for the benefit of the defendant. It was used, if at all, for the convenience of the independent contractor in bringing materials to the place where the wall was to be constructed. It was not necessary to drive the wagons over the sidewalk, so far as the defendant was concerned. The defendant had nothing to do about the method of getting the materials upon the ground. So far as appears, the stones might have been delivered by the side of the roadway, and transferred to the wall by means of derricks or other mechanical contrivances, or they might have been carried there by the workmen, or been delivered with small skidding appliances. In other words, when the defendant made a contract with an individual to construct a wall upon the rear of his premises, he was not bound to provide the details of getting the materials upon the ground. He had a right to assume that the contractor would get the stones to the wall in a proper manner, and he was not bound to follow up each wagon load of materials, and see that no harm resulted to the highways from the passage of the load over it. The primary duty of taking care of the highways rests with the municipality (Bieling v. City of Brooklyn, 120 N. Y. 98, 106, 24 N. E. 389), and, in the absence of evidence showing that the highways had been affirmatively interfered with by the defendant, there is no foundation for the plaintiff's recovery (City of Rochester v. Campbell, 123 N. Y. 405, 417, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760; Tremblay v. Harmony Mills, 171 N. Y. 598, 602, 64 N. E. 501, and authority there cited). There is absolutely no evidence of the neglect of any duty which the defendant owed to the plaintiff. The defendant did not authorize the use of the sidewalk. The sidewalk was not used for any purpose in which the defendant was legally interested, and, if there was any liability outside of the liability of the municipality for the condition of this sidewalk, it was that of the

contractor, who had injured the sidewalk by driving over it to accomplish his own purposes—for the purpose of enabling him to place the materials upon the ground so that he could carry out his contract with the defendant. As the defendant was not obliged to assume that the independent contractor would proceed negligently or unlawfully, it could not owe any duty to the plaintiff in respect to the conduct of the contractor or his servants, and there can be no legal or moral liability under such circumstances.

I think the judgment and order appealed from should be reversed, and a new trial granted to the defendant.