(50 Misc. Rep. 175)

### SCHELLER v. SILBERMINTZ.

(Supreme Court, Appellate Term.   March 26, 1906.)

1. MUNICIPAL CORPORATIONS—USE OF STREETS—NEGLIGENCE—PRESUMPTION.

Where an owner of a building in process of erection caused a temporary shed to be built over the sidewalk, in accordance with his building permit, the falling of the roof of the shed, causing an injury to a person on the sidewalk, raised a presumption of negligence of the owner.

2. SAME—INDEPENDENT CONTRACTOR.

The duty of an owner of a building to use reasonable care in erecting and maintaining a reasonably safe temporary shed over the sidewalk, in compliance with the requirements of a building permit, cannot be evaded by the employment of an independent contractor.

3. SAME.

Where the roof of a temporary shed over a sidewalk fell after its completion, not while it was being constructed, the principle of delegating work to an independent contractor has no application.

4. MASTER AND SERVANT—TORTS OF SERVANT—LIABILITY OF MASTER.

Where a husband acted as agent or manager for his wife, he is liable with her to third persons only for actual misfeasance or tort, and not for mere neglect; the remedy in that case being against her alone.

Action by Beckie Scheller against Abraham Silbermintz.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Morris Meyers, for appellant.
Edwin A. Jones and Saul Bernstein, for respondent.

O'GORMAN, J.   The defendant was the owner of a building in process of construction, and caused a temporary roof or shed to be erected over the sidewalk in front thereof, pursuant to the provisions of a permit duly obtained from the municipal authorities.   The sidewalk was a temporary structure, and consisted of a number of boards covering the excavation beneath.   Some months after its erection the roof suddenly collapsed, and parts thereof fell upon and injured the plaintiff, who at the time was walking upon the sidewalk.   The happening of the accident raised a presumption of negligence against the defendant.   Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662.   The defendant sought to rebut the presumption by evidence that the structure became insecure in consequence of an unauthorized excavation, made by an independent contractor, close to one of the timbers which supported the shed.   This evidence was sharply disputed, and presented a question of fact for the jury.   It was the defendant's duty to employ reasonable care to erect and maintain a reasonably safe structure over this sidewalk, and liability for a defective structure cannot be evaded by the mere employment of an independent contractor to construct it.   Deming v. Terminal Ry., 169 N. Y. 1, 61 N. E. 983, 88 Am. St. Rep. 521; Coolidge v. City, 99 App. Div. 175, 90 N. Y. Supp. 1078; Murphy v. Perlstein, 73 App. Div. 256, 76 N. Y. Supp. 657; Mullins v. Siegel Cooper (Sup.) 88 N. Y. Supp. 737.   The accident did not occur while the contractor was constructing the shed, and the principle of delegating work to an independent contractor has therefore no application.   The shed was under

the control, ownership, and supervision of the defendant, and, as said in Weber v. Buffalo Ry. Co., 20 App. Div. 292, 47 N. Y. Supp. 7:

"When defendant assumed the duties imposed by the permit, it made itself liable for all injuries resulting from its nonperformance or insufficient performance. The company could not relieve itself from the obligation imposed by its covenant with the state by contracting with another to fulfill it. It was an imperative duty required by the permit, and the company was not absolved from its duty and responsibility because it employed a contractor to do the work."

The complaint was properly dismissed as to the defendant's husband. As agent or manager for his wife, he owes no duty to the plaintiff, and unless a servant is guilty of actual misfeasance or tort he cannot be held liable with his master. If he neglects a duty which his master owes to third persons, the remedy is against the master alone. 20 Am. & Eng. Ency. 52. But the direction of a verdict in favor of the defendant was clearly error, requiring a new trial.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.