FRANK et al. v. CITY OF ROME et al.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

1. APPEAL—GRANT OF NEW TRIAL—EVIDENCE—REVIEW.

    An order granting a new trial to plaintiffs on the ground that a verdict for defendants was contrary to the evidence will not be reversed on appeal where the question was not free from doubt.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3871.]

2. MUNICIPAL CORPORATIONS—INJURY BY PUBLIC WORKS—INDEPENDENT CONTRACTORS.

    Where municipal street cleaning contractors were not mere servants or agents of the city in performing their work, the city was not liable for their negligence in failing to promptly turn off a hydrant, and stop the flow of water onto the property of an adjoining owner.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1580.]

Appeal from Oneida County Court.

Action by Albert J. Frank and another against the city of Rome and others. From an order setting aside a verdict for defendants, and granting plaintiffs a new trial, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. J. Larkin & C. H. Dunning, for appellants.

Mason & McNamara, for respondents.

WILLIAMS, J. The order should be affirmed, with costs.

The action was brought to recover damages for injury to property by the escape of water from the street supply pipes alleged to have resulted from the negligence of the defendants. The defendants Hyde were contractors for the city defendant for cleaning the streets. On the occasion in question the Hydes were engaged in flushing the street in front of the plaintiff's premises with water from the supply pipes, when a break occurred somewhere, which allowed the water to escape and run into plaintiff's bowling alley.

It was difficult to determine at once where the break was, whether inside or outside the hydrant from which the water was being drawn. If outside, it could be stopped by turning off that hydrant. If inside, . it could be stopped only by turning off the water from the main. The break was subsequently found to be outside the hydrant— that is, outside the shutoff—so that if the water had been turned off the hydrant there would have been no damage done. It took some little time to find the man to turn off the main, and when he came he turned off the hydrant, and not the main, and the water stopped. In the meantime a good deal of water flowed into the plaintiff's alley, and did considerable damage. No negligence was claimed as to the defect in the hydrant. It had not been discovered, and could only be discovered by digging up around it, or testing it by turning the water on and off at the hydrant. The .defendants Hyde were both present at the time. The one who held the hose started to turn off the hydrant, but some one called out that the main had burst, and the other defendant said if the main had burst it would be better to leave the hydrant turned on, and so lessen the pressure. If turned off, the pressure would be greater on the main, and tend to enlarge the breach and allow more water to escape. The defendants Hyde claimed to have used their best judgment, and to have done what' seemed to them best under the circumstances. The only ground of negligence left to the jury was the failure promptly to turn off the hydrant, and the court charged that the defendants Hyde were not guilty of negligence if they acted according to their best judgment, and such judgment as a prudent man would exercise under the circumstances.

The claim by the plaintiff was that when the water was discovered escaping, the hydrant should at once have been turned off, and thereby it could have been discovered whether the break was in the main or outside the hydrant, and that the failure to do so was negligence. The court left it to the jury to say whether the defendants Hyde were independent contractors or merely agents for the city, under the contract which was put in evidence. The court set aside the verdict on two grounds: (1) That it was contrary to the evidence on the question of the negligence of the defendants Hyde. (2) That the court should have held as matter of law that the Hydes were agents of the city and not independent contractors, instead of leaving it to the jury as matter of fact.

As to the first question, I think the matter is not so free from doubt that this court should interfere with the action of the trial court.

As to the second question, I think the court was in error in submitting the question of the liability of the c... defendant to the jury, and in its view of the law expressed in its opinion upon granting a new trial. It should have held as a matter of law that the city was not liable at all for the negligence of the Hydes in failing promptly to turn off the hydrant and stop the flow of the water into plaintiff's bowling alley. The Hydes were independent contractors, and not mere servants or agents of the city, in perform-

ing the particular work in question. Uppington v. City of New York, 165 N. Y. 222, 59 N. E. 91, 53 L. R. A. 550, and cases there referred to. The injury here was not the result of a dangerous condition of the public streets of the city, and the case is not therefore controlled by the decision of Storrs v. City of Utica, 17 N. Y. 104, 72 Am. Dec. 437, and cases approving of the same, which were referred to in Deming v. Terminal Ry. of Buffalo, 169 N. Y. 1, 61 N. E. 983, 88 Am. St. Rep. 521. The case is rather one controlled by the case of Blake v. Ferris, 5 N. Y. 48, 55 Am. Dec. 304, as modified by Storrs v. Utica, above, and the cases approving of the same, which are also referred to in Deming v. Ry. of Buffalo, above. See, particularly, Pack v. Mayor, 8 N. Y. 222; Kelly v. Mayor, 11 N. Y. 432; McCafferty v. R. R. Co., 61 N. Y. 178, 19 Am. Rep. 267; Berg v. Parsons, 156 N. Y. 109, 50 N. E. 957, 41 L. R. A. 391, 66 Am. St. Rep. 542; Uppington v. City of New York, 165 N. Y. 222, 59 N. E. 91, 53 L. R. A. 550.

The work here being performed was perfectly safe and proper in itself, and the negligence charged was purely that of the contractors themselves in performing the work, and, as before stated, in no way involved the safe or dangerous condition of the streets. For such negligence of the contractors, the city was not liable. Unless, therefore, upon the new trial, some other ground of negligence is suggested than that submitted to the jury on the first trial, the city should be relieved from liability by direction of the court.

Order affirmed, with costs. All concur.