McMANUS v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Term.    March 5, 1909.)

1. MUNICIPAL CORPORATIONS (§ 751*)—STREETS—DUTY TO KEEP IN SAFE CONDI-
     TION—TORTS OF CONTRACTOR'S SERVANTS.
          Where a city lets the repairing or construction of a road to an inde-
     pendent contractor, the city remains bound to keep the street in a safe con-
     dition; but it is not liable for tortious acts of the contractor's servants
     which result in injury to the vehicle of one using the street.
          [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
     1580; Dec. Dig. § 751.*]

2. MUNICIPAL CORPORATIONS (§ 821*)—INJURY ON STREET—ACTIONS—QUESTION
     FOR JURY.
          In an action against a city for injuries to an automobile from an ob-
     struction in a street upon which work was being done for the city by an
     independent contractor, it was a question for the jury whether the injury
     resulted from the city's negligence, or whether it was the result of tortious
     acts of the contractor's servants.
          [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
     1752; Dec. Dig. § 821.*]

Appeal from Municipal Court, Borough of Manhattan, Third Dis-
trict.

Action by Nicholas A. McManus against the City of New York and
another. From a judgment of dismissal as against the city, and an
order setting aside the verdict against the other defendant, plaintiff
appeals. Order of dismissal reversed, and new trial ordered as to
defendant city; order setting aside verdict reversed, verdict rein-
stated, and judgment directed against the other defendant.

Argued before GILDERSLEEVE, P. J., and MacLEAN and
DAYTON, JJ.

Edward A. Alexander, for appellant.

Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan,
of counsel), for respondent City of New York.

Frank V. Johnson (Harry S. Austin, of counsel), for respondent
Rodgers.

DAYTON, J.    The action was brought to recover damages for
injuries to plaintiff's automobile on the night of August 16, 1907,
while the same was being driven on Clason Point Road, in the bor-
ough of the Bronx, city of New York. The complaint alleges in sub-
stance that at this time the defendant John C. Rodgers was engaged
in repairing or making a certain road, known as the "Clason Point
Road," under a contract with the defendant the city of New York,
and that this road is a public highway, and, further, that by the neg-
ligence of the defendants the said road was in an improper condition,
in that a certain rock or rocks projected above the surface and made
a dangerous obstruction, and that the work was not properly safe-
guarded and the place was not lighted, so that passengers might be
properly warned, whereby plaintiff was damaged as above.

It seems clear from the record that the plaintiff abundantly proved

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a prima facie case. The evidence was overwhelming that the automobile was proceeding in a proper manner and at a slow rate of speed on a road where it had a perfect right to proceed. Neither of the defendants offered any proof whatsoever. The complaint, at the close of the plaintiff's case, was dismissed as to the defendant the city of New York, upon the theory, evidently, that the work was being done by an independent contractor, who alone could be held liable. It is well settled that the city is at all times responsible for the safe condition of its streets, although it may escape liability for the tortious acts of the servants of a contractor. Deming v. Terminal R. R. Co., 169 N. Y. 1, 61 N. E. 983, 88 Am. St. Rep. 521; Corcoran v. City of New York, 188 N. Y. 131, 80 N. E. 660; Storrs v. City of Utica, 17 N. Y. 104, 72 Am. Dec. 437. It was error, therefore, to take the case from the jury, since it was for them to determine on all the facts whether such a condition existed as should properly charge the city with negligence in failure to light this highway at this point, so as to guard passengers against this obstruction, which plaintiff had shown to exist at the time of the accident.

As to the defendant Rodgers the case went to the jury, who, after a charge which certainly was not prejudicial against said defendant, brought in a verdict of $396, the amount of damage conceded to have been sustained by plaintiff, in his favor. This verdict upon defendant's motion was the next day set aside and a new trial ordered. The learned trial court assigned no reason for its action. We cannot find from the record that the verdict was against the weight of evidence. It seems to be amply justified by the testimony offered on behalf of plaintiff. Nor are there exceptions on the record in defendant Rodgers' behalf of sufficient importance to warrant setting aside the verdict, in our opinion.

The order setting aside the verdict must be reversed, the verdict against defendant Rodgers reinstated, and judgment directed against defendant Rodgers.

The order dismissing the complaint as to the defendant the city of New York must be reversed, and a new trial ordered, with costs to appellant to abide the event.

MacLEAN, J., concurs. GILDERSLEEVE, P. J., taking no part.